# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Apple iPhone S Cellular Phone, Model A1688, with FCC ID: BCG-E2946A

Case No. 20MJ0367

**FILED**
JAN 29 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Southern__ District of __California__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:

See Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Arnesha Bahn, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/29/2020

*Judge's signature*

City and state: San Diego, CA

Barbara L. Major, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Arnesha Bahn, being duly sworn, depose and state:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a felon in possession of a firearm investigation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents for the following cellular phone:

   a. An Apple iPhone S cellular phone, Model A1688, FCC ID: BCG-E2946A (**Target Telephone #1**) described in Attachment A (incorporated herein).

2. Officers seized **Target Telephone #1** on September 15, 2019, from Anthony Robert Dennison's (DENNISON) after he was arrested in El Cajon, California for an outstanding arrest warrant for federal probation violation. **Target Telephone #1** is currently being held as evidence at the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) office located at 9449 Balboa Avenue, Suite 200, San Diego, California 92123, in the Southern District of California.

3. Probable cause exists to believe that **Target Telephone #1** contains evidence, of a crime and maybe property used in committing a crime, specifically violations of Title 18, U.S.C., Sec. 922(g)(1) – Felon in Possession of a Firearm, for the period of February 27, 2019 through August 27, 2019.

4. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the items to be seized set forth in Attachment B (incorporated herein) will be found in the items to be searched as described in Attachment A. These items may be or lead to evidence of the violations described above.

## TRAINING AND EXPERIENCE

5. I have been employed as a Special Agent with ATF since 2013. I attended the Federal Law Enforcement Training Center in Glynco, Georgia, where I graduated from the Criminal Investigators' Training Program (CITP). Upon completing CITP, I attended the ATF National Academy where I received instruction in the recognition, identification and prosecution of federal firearms laws and violations. During my tenure with ATF, I have been involved in, and am familiar with, numerous investigations involving narcotics and firearms violations. Throughout the course of my law enforcement career, I have participated in the application for, and execution of, and have knowledge of, numerous search warrants.

6. During my tenure with ATF, I have participated in a number of investigations involving the illegal possession and acquisition of firearms, including by criminal street gangs. I have had personal contact with admitted or known criminals and their associates, and have discussed their methods of operations regarding weapons-related crimes. Additionally, I have received training and obtained experience in the execution of search warrants, electronic evidence seizure and processing, and other investigative techniques.

7. Through the course of my training, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for illegal firearms possessors to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators in order to further their criminal activities. Conspiracies involving illegal firearms possession generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messages, emails, instant messages, social networking messages, and phone numbers of co-conspirators. Further, I am aware that illegal firearms possessors illegally obtain firearms and ammunition from others, and do so by utilizing cellular

telephones, pagers, and portable radios to maintain communications with co-conspirators in order to further their criminal activities.

8. Based upon my training and experience as an investigator, and consultations with law enforcement officers experienced in firearms investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

   a. Illegal firearms possessors often use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, social networking sites, and voice messages.

   b. Illegal firearms possessors will use cellular telephones to set up the purchase and/or sale of firearms with suppliers and customers;

   c. Illegal firearms possessors often use cellular telephones to communicate with each other regarding payment and other financial arrangements relating to the possession and transfer of firearms and ammunition; and

   d. Digital devices like cellular telephones often record and contain location data.

9. The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews; my review of documents related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; conversations with other investigators and agents experienced in controlled substance investigations, and information gained through my training and experience. All the dates, times, and amounts listed in this affidavit are approximate and all dates refer to the current calendar year and all times refer to Pacific Time (PT) unless specified otherwise. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for search warrants, it

3

does not set forth each and every fact that I or others have learned during the course of this investigation. Instead, it contains only those facts believed to be necessary to establish probable cause.

## FACTS SUPPORTING PROBABLE CAUSE

10. On August 22, 2019, at approximately 1:30 a.m., San Diego Sheriff's Department deputies observed a Red Mitsubishi Eclipse, bearing California License Plate number 7POJ537, driving with no front license plate on Bradley Avenue in El Cajon, California. Records check revealed the vehicle was registered to DENNISON ("DENNISON"). The deputies activated the emergency lights and siren attempted to conduct a traffic stop, but the vehicle failed to yield

11. The driver continued to disregard the deputies and fled onto Magnolia Avenue where the vehicle began to slow near the Interstate 8 eastbound on-ramp. The vehicle came to an abrupt stop and an individual, later identified as D.D., was seen fleeing from the passenger seat. One of the deputies exited his vehicle and chased D.D. on foot. During the foot pursuit, the deputy observed D.D. toss something from his person into a bush but continued the pursuit over fences, into water culverts, and through tunnels. D.D. was later detained by law enforcement personnel. Deputies recovered a Colt, Model Frontier Scout, .22 caliber revolver, bearing serial number 140340F, loaded with six rounds of ammunition, from where D.D. was seen tossing an object into the bushes.

12. Meanwhile, the other deputy continued to pursue the vehicle, which fled again after allowing D.D. out of the vehicle. The driver of the vehicle drove on city streets at speeds of 60 MPH and 100 PMH on the interstate. The driver of the vehicle drove through several red lights in disregard of public safety. The pursuit was terminated because it presented a danger to the public.

## Traffic Stop and Jail Call

13. On August 27, 2019, at approximately 2:00 am, an El Cajon Police deputy conducted a traffic stop of the same red Mitsubishi Eclipse. The driver of the vehicle was identified as DENNISON. After a consent search of the vehicle, DENNISON was released. It was also confirmed through San Diego Police Department Gang Detectives that D.D. and DENNISON are known Skyline Piru gang members. DENNISON is on federal probation.

14. DENNISON's cellular phone number was then queried through the San Diego Sheriff jail phone system. An inmate identified as M.S. was determined to have called DENNISON several times. The following phone call is made to DENNISON from M.S. on August 28, 2019, at 11:49 pm:

- M.S. asks DENNISON what he is rolling and DENNISON says he's trying to score.
- DENNISON says something about getting into it "tapped in with your little bro, shit got kinda sticky."
- DENNISON says, "On the freeway, it was nilly."
- M.S. says, "I heard you was whippin the big thang?"
- DENNISON says, "C'mon man you know I'm out here digging right now. I got two sitters (Unintelligible) right now working."

15. Based on my training and experience, and in consultation with other law enforcement officers, I believe DENNISON was referring to the vehicle pursuit on August 22nd in this conversation.

## Arrest of DENNISON

16. On September 15, 2019, El Cajon Police Department officers made contact with DENNISON during a traffic stop. DENNISON was arrested for an outstanding arrest

5

warrant for federal probation violation. DENNISON was in possession of **Target Telephone #1** at the time of his arrest.

## Lab Fingerprints Analysis

17. On October 9, 2019, a San Diego County Sheriff's Department Laboratory Service Report for a Latent Print Development indicated that prints have been developed from the red and gray tape that was wrapped around the handle of the recovered firearm (the Colt, Model Frontier Scout, .22 caliber revolver, bearing serial number 140340F).

18. On October 11, 2019, San Diego County Sheriff's Department Laboratory Service Report for a Latent Print Comparison indicated that one of the latent prints was identified belonging to DENNISON.

19. Records checks on DENNISON revealed that he had been convicted of a violation of Title 18 USC 1962(d) – Conspiracy to Conduct Enterprise Affairs through Pattern of Racketeering, a felony, and had served 24 months' custody on August 11, 2015.

20. The firearm was seized and inspected. Preliminary checks revealed that the firearm was not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.

## SEARCH METHODOLOGY

21. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure

environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

22. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

23. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## CONCLUSION

24. Based on all of the facts and circumstances described above, there is probable cause to believe that DENNISON used **Target Telephone #1** to facilitate the offence of

7

possessing a firearm while being a convicted felon. **Target Telephone #1** was likely used to facilitate the offence by transmitting and storing data, which constitutes evidence of violations Title 18, U.S.C., Sec. 922(g)(1) – Felon in Possession of a Firearm.

25. Because **Target Telephone #1** was seized unexpectedly from DENNISON during a valid traffic stop and has been stored in a secure location, there is probable cause to believe that evidence of illegal activity committed by DENNISON continues to exist on **Target Telephone #1**.

26. Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I know that the items to be seized set forth in Attachment B are likely to be found in the property to be searched described in Attachment A. Therefore, I respectfully request that the Court issue a warrant authorizing me, a Special Agent with ATF, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B.

Arnesha Bahn, Special Agent
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Subscribed and sworn to before me this 29 day of January, 2020.

Honorable Barbara L. Major
United States Magistrate Judge

8

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

The property sought to be searched is a cellular telephone: Apple iPhone S Cellular Phone, Model A1688 with FCC ID: BCG-E2946A (**Target Telephone #1**). It is currently in the possession of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, at 9449 Balboa Avenue, Suite 200, San Diego, California 92123.

# ATTACHMENT B
## Items to be Seized

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the cellular telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data, such as emails, call logs, address books/contacts, notes, text messages, communications (including images) from any communication or social media applications, photographs, audio files, videos, and location data, for the period of February 27, 2019 through August 27, 2019:

a. tending to indicate efforts to acquire, distribute, possess, or use firearms or ammunition;

b. tending to identify other facilities, storage devices, and/or services—such as email addresses, IP addresses, phone numbers—used to facilitate efforts to acquire, distribute, possess, or use firearms or ammunition;

c. tending to identify co-conspirators, criminal associates, or others involved in efforts to acquire, distribute, possess, or use firearms or ammunition;

d. tending to identify travel to or presence at locations involved in efforts to acquire, distribute, possess, or use firearms or ammunition;

e. tending to identify the user of, or persons with control over or access to, the SUBJECT DEVICE; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Section 922 (g)(1).